725 So.2d 365 (1998)
IN RE AMENDMENTS TO THE FLORIDA FAMILY LAW RULES OF PROCEDURE (SELF HELP).
No. 93,319.
Supreme Court of Florida.
December 3, 1998.
Rehearing Denied December 24, 1998.
*366 Karen K. Cole, Chair, Family Court Steering Committee, Jacksonville, and Judith Kreeger, Chair, Self Help Subcommittee, Miami, for Petitioner.
Howard C. Coker, President, and John F. Harkness, Jr., Executive Director, for The Florida Bar, Tallahassee, Florida, and Sharon L. Langer, Board of Governors, Miami, Florida, George S. Reynolds, III, Chair, Family Law Rules Committee, Tallahassee, Florida, Carmen R. Pintado, Supervising Attorney, Miami, Florida, and Temys M. Diaz, Wendy L. Robbins, and Rene H. De Los Rios, Staff Attorneys, Miami, Florida, for The Family Court Self Help Project of the Eleventh Judicial Circuit and the Legal Aid Society of the Dade County Bar Association, Richard B. Orfinger, Chief Judge, Seventh Judicial Circuit, Daytona Beach, Florida, Ross L. Baer and Sue-Ellen Kenny, Supervising Attorneys, Palm Beach County Self Help Center, The Legal Aid Society of Palm Beach County, Inc., West Palm Beach, Florida, and Jim Dulfer, Managing Attorney, for Central Florida Legal Services, Inc., Daytona Beach, Florida, Responding.
OVERTON, J.
In In re Family Court Steering Committee (Fla. Aug. 22, 1996) (Administrative Order), then Chief Justice Kogan directed the Family Court Steering Committee to recommend, among other things, "ways courts can assist self-represented litigants access the family courts through the use of standardized simplified forms, self-help centers, technological innovations, and other mechanisms, as appropriate." Pursuant to that directive, the steering committee has petitioned this Court to adopt proposed Florida Family Law Rule 12.750, entitled "Family Self-Help Programs.
According to the steering committee's petition, approximately sixty-five percent of initial filings in family law cases are filed by self-represented litigants and approximately eighty percent of modification and enforcement cases involve at least one unrepresented litigant. The steering committee asserts that the rule is needed to encourage self-represented litigants to obtain legal advice; to provide information concerning pro bono legal services, low cost legal services, and lawyer referral services; to provide forms, general information about the judicial process, and other information necessary to assist those who represent themselves; to clearly define the services provided to ensure that self-help programs do not provide legal advice through nonlawyers; to facilitate but not encourage self-representation; to assist in obtaining legislative funding for the programs;[1] and to establish uniformity throughout the state to provide certain basic services in all circuits. Specifically, the proposed rule (1) directs that self-help programs be established by local rule; (2) sets forth definitions; (3) sets forth the services that can be performed and the limitations on those services; (4) sets forth activities that are not to be considered the practice of law; (5) provides that the information provided is not confidential or privileged; (6) provides that there is no conflict of interest in providing services to both parties; (7) provides for a disclaimer to be provided to persons receiving services; (8) provides that self-help personnel need not identify themselves on the form unless the personnel actually record information on the form; (9) provides that self-help programs are to be made available to all unrepresented litigants unless otherwise provided by statute; (10) provides that self-represented litigants may be required to pay for the costs of services if so directed by statute; (11) provides that all records of a self-help program are public records; and (12) creates an exclusion for domestic violence cases to allow for assistance in domestic violence matters as directed by Florida Family Law Rule 12.610.
The proposed rule was published in The Florida Bar News and a number of comments were received.
Some of the comments ask that we delay implementation of the proposed rule until the completion and evaluation of two legislatively-funded one-year pilot programs that began *367 operation in September 1998. According to the comments, the pilot programs may resolve some concerns regarding the unlicensed practice of law. On the other hand, the steering committee and several other comments urge this Court to implement a rule now. We decline to postpone consideration of the proposed rule. As noted by the steering committee, the proposed rule was submitted pursuant to the Chief Justice's request to address a major access-to-the-courts problem. Additionally, nineteen of the twenty circuits are currently operating some type of self-help program without any guidelines for operation. Accordingly, we adopt the proposed rule as modified in this opinion. However, we will consider modifications to the rule as necessary should the information obtained from the pilot programs so mandate.
Next, we address whether there should be income limitations on who may qualify for assistance from the self-help programs. We conclude that such income limitations are inappropriate. Indigents already may receive free legal services in dissolution matters through legal services programs. Unlike legal services programs, the self-help programs are designed to assist all litigants in obtaining access to the courts, without regard to income, who wish to pursue a dissolution, modification, or other family law action without an attorney. To place an income limitation on eligibility would defeat the purpose of providing assistance to all self-represented litigants. Equally as important, an income limitation on eligibility would substantially increase the burden on trial judges before whom self-represented litigants appear and could result in this Court's having to certify the need for additional judges due to this increased burden.
We are also asked to clarify what services may be provided by the self-help program personnel and what forms may be provided. In drafting the proposed rule, the steering committee has attempted to reach a balance between the need to provide services to self-represented litigants and the need to limit nonlawyer self-help program personnel from providing legal advice or otherwise engaging in the unauthorized practice of law. The steering committee acknowledges that defining the practice of law is difficult. In drafting the proposed rule, the steering committee relied upon court precedent[2] in determining what activities constitute the practice of law and attempted to draft the rule accordingly. However, the steering committee acknowledges that the provisions in the rule may exceed restrictions placed on the forms and on information nonlawyers may provide to self-represented litigants. For instance, currently, under Rule Regulating the Florida Bar 10-2.1, which governs in part the unauthorized practice of law, only Florida Supreme Court Approved forms may be provided by nonlawyers to self-represented litigants. Under the proposed rule, self-help program personnel not only may provide approved forms, they also may provide forms approved by the chief judge of a circuit that are not included in and are not inconsistent with the approved forms. Additionally, several comments contend that, even with this additional language, the proposed rule is still too limiting. The comments seek to broaden those forms that may be provided by self-help program personnel to include any forms approved by a chief judge that are substantially in compliance with and not inconsistent with the approved forms, even if a similar form is included in the approved forms. In this way, the spirit of the approved forms would remain intact, but the various circuits could include local requirements in the forms or design forms to best fit their needs. However, some comments contend that, in order to provide statewide consistency, only the approved forms should be used.
We understand the concerns regarding statewide consistency in the use of the forms. In recognition of that concept, we recently adopted mandatory domestic violence forms to provide for such consistency. This consistency was necessary given the distinct problems that are inherent in domestic violence cases. However, our experience with the mandatory forms in domestic violence cases indicates that local provisions regarding family law cases vary greatly from circuit to *368 circuit. Accordingly, we find that local circuits should be able to use forms that are approved by the chief judge of the circuit and that are in substantial compliance with and not inconsistent with the Supreme Court approved forms. We need not amend rule 10-2.1 to be consistent with our holding here because the proposed rule specifically directs that the services listed in the rule, when performed by nonlawyer personnel in a self-help program, will not constitute the unauthorized practice of law.
The comments also ask that self-help personnel be allowed to provide litigants with forms appropriate to a litigant's needs and to provide information about those forms. They note that, unlike situations involving the unlicensed practice of law, self-help program personnel will be trained and supervised by attorneys; they also will be working with court-approved forms and operating in the context of nonprofit, court-approved programs. We find that self-help personnel should be able to provide information about the forms and to recommend specific forms so long as they do not provide advice or recommendations as to any specific course of action to be taken. In Florida Bar v. Brumbaugh, 355 So.2d 1186 (Fla.1978), we did hold that nonlawyers were prohibited from assisting litigants in preparing forms, from asking questions as to the particular forms, and from advising them how to fill out such forms and where to file them. However, as noted by the comments, unlike the situation at issue in Brumbaugh where the unauthorized practice of law was at issue, the self-help programs are non-profit, court-sanctioned programs that will be operated under the supervision of attorneys. Notably, under the rule as proposed, no lawyer-client relationship will form between the litigant and the self-help center, and any information provided by the litigant is not confidential or privileged; a disclosure ("notice requirement") of these conditions is required under the rule. We have modified the rule accordingly.
The Family Law Rules Committee of the Florida Bar also asks this Court to apply the proposed rule to all self-help programs and not just those operated "under the auspices of the court." We decline to delete this language from the proposed rule. As other comments stressed, deleting this language would expand the rule to cover all federally and state funded legal services and legal aid programs and would greatly limit the services of other competent legal services providers that are staffed by attorneys. Additionally, because we are allowing self-help program personnel to provide the appropriate forms and to provide information about the forms, if we were to delete that language, we would be approving specific activities for nonlawyers that are not otherwise allowed in programs not operating within court-sanctioned programs.
Next, we are asked to allow self-help program personnel to direct litigants to appropriate statutes and rules and to provide them with definitions of terms. Under the rule as proposed, personnel may "provide, either orally or in writing, citations of statutes and rules, without advising whether or not a particular statute or rule is applicable to the self represented litigant's situation." Some comments contend that this language should be deleted because it is unclear why any personnel would ever provide rules or citations not applicable to a litigant. The rules committee contends that elimination of this language would encourage the unauthorized practice of law. The steering committee proposes to add the following language to the rule to alleviate the fear that providing a definition would amount to giving legal advice; that is, that personnel may provide definitions "without advising whether or not a particular definition is applicable to the self-represented litigant's situation." However, the steering committee stresses that personnel should not be able to advise a litigant as to which rule or statute applies because that would constitute the practice of law. Additionally, the steering committee notes that confidential information should never be imparted to program personnel. We adopt the steering committee's proposal and have amended the rule accordingly.
We also received a number of suggestions from the Eleventh Circuit Self-Help Project staff attorneys. Based on those suggestions, we have directed that the notice be made available in both English and Spanish, and *369 we have added language to specify that program personnel are not acting on behalf of the Court.
Accordingly, we adopt proposed rule 12.750 as modified by this opinion and as set forth in the attached appendix. The rule shall become effective at 12:01 a.m., January 1, 1999.
It is so ordered.
HARDING, C.J., and SHAW, KOGAN, ANSTEAD and PARIENTE, JJ., concur.
WELLS, J., dissents with an opinion.
WELLS, J., dissenting.
I dissent from the adoption of this rule at this time. It is my view that fostering more pro se representation in family court actions does not serve the best interests of either the families of this state or the courts, which are called upon to make crucial decisions in the lives of those families. My experience is that the proliferation of form-induced pro se representation has not worked satisfactorily. It appears to me a better approach to defer any further action in respect to this proposed rule until the pilot projects funded by the 1998 Legislature have been given the opportunity to be implemented and analyzed.
I am particularly in disagreement about the majority's statement that "the self-help programs are designed to assist all litigants in obtaining access to the courts, without regard to income, who seek to pursue a dissolution, modification, or other family law action without an attorney. To place an income limitation on eligibility would defeat the purpose of providing assistance to all self-represented litigants." (Majority op. at 367). I read this to be nothing less than promoting more uncounselled litigation in family law cases. This is particularly the situation when the rule authorizes as "Services Provided":
7. provide, either orally or in writing, definitions of legal terminology from widely accepted legal dictionaries or other dictionaries without advising whether or not a particular definition is applicable to the self represented litigant's situation;
8. provide, either orally or in writing, citations of statutes and rules, without advising whether or not a particular statute or rule is applicable to the self represented litigant's situation;
....
10. provide general information about court process, practice, and procedure;

(Emphasis added.) Moreover, I am concerned that this broad language not only promotes more uncounselled litigation but will make the self-help centers exceedingly difficult to regulate because its ambiguity, in actual practice, will be used to foster the unlicensed practice of law, which the majority will have sanctioned by the adoption of the rule.

APPENDIX

Rule 12.750. FAMILY SELF-HELP PROGRAMS
(a) Establishment of Programs. A chief judge, by administrative order, may establish a self-help program to facilitate access to family courts. The purpose of a self-help program is to assist self-represented litigants, within the bounds of this rule, to achieve fair and efficient resolution of their family law case. The purpose of a self-help program is not to provide legal advice to self-represented litigants. This rule applies only to programs established and operating under the auspices of the court pursuant to this rule.

(b) Definitions.
(1) "Family law case" means any case in the circuit that is assigned to the family law division.
(2) "Self-represented litigant" means any individual who seeks information to file, pursue, or respond to a family law case without the assistance of a lawyer authorized to practice before the court.
(3) "Self-help personnel" means lawyer and nonlawyer personnel in a self-help program.
(4) "Self-help program" means a program established and operating under the authority of this rule.
*370 (5) "Approved form" means (A) Supreme Court approved forms or (B) forms that have been approved in writing by the chief judge of a circuit and that are not inconsistent with the Supreme Court approved forms, copies of which are to be sent to the Chief Justice, the chair of the Family Law Rules Committee of The Florida Bar, the chair of the Family Law Section of The Florida Bar, and the chair of the Family Court Steering Committee. Forms approved by a chief judge may be used unless specifically rejected by the Supreme Court.
(c) Services Provided. Self-help personnel may:
(1) encourage self-represented litigants to obtain legal advice;
(2) provide information about available pro bono legal services, low cost legal services, legal aid programs, and lawyer referral services;
(3) provide information about available approved forms, without providing advice or recommendation as to any specific course of action;
(4) provide approved forms and approved instructions on how to complete the forms;
(5) engage in limited oral communications to assist a person in the completion of blanks on approved forms;
(6) record information provided by a self-represented litigant on approved forms;
(7) provide, either orally or in writing, definitions of legal terminology from widely accepted legal dictionaries or other dictionaries without advising whether or not a particular definition is applicable to the self-represented litigant's situation;
(8) provide, either orally or in writing, citations of statutes and rules, without advising whether or not a particular statute or rule is applicable to the self-represented litigant's situation;
(9) provide docketed case information;
(10) provide general information about court process, practice, and procedure;
(11) provide information about mediation, required parenting courses, and courses for children of divorcing parents;
(12) provide, either orally or in writing, information from local rules or administrative orders;
(13) provide general information about local court operations;
(14) provide information about community services; and
(15) facilitate the setting of hearings.
(d) Limitations on Services. Self-help personnel shall not:
(1) provide legal advice or recommend a specific course of action for a self-represented litigant;
(2) provide interpretation of legal terminology, statutes, rules, orders, cases, or the constitution;
(3) provide information that must be kept confidential by statute, rule, or case law;
(4) deny a litigant's access to the court;
(5) encourage or discourage litigation;
(6) record information on forms for a self-represented litigant, except as otherwise provided by this rule;
(7) engage in oral communications other than those reasonably necessary to elicit factual information to complete the blanks on forms except as otherwise authorized by this rule;
(8) perform legal research for litigants;
(9) represent litigants in court; and
(10) lead litigants to believe that they are representing them as lawyers in any capacity or induce the public to rely upon them for legal advice.
(e) Unauthorized Practice of Law. The services listed in subdivision (c), when performed by nonlawyer personnel in a self-help program, shall not be the unauthorized practice of law.
(f) No Confidentiality. Notwithstanding ethics rules that govern attorneys, certified legal interns, and other persons working under the supervision of an attorney, information given by a self-represented litigant to *371 self-help personnel is not confidential or privileged.
(g) No Conflict. Notwithstanding ethics rules that govern attorneys, certified legal interns, and other persons working under the supervision of an attorney, there is no conflict of interest in providing services to both parties.
(h) Notice of Limitation of Services Provided. Before receiving the services of a self-help program, self-help personnel shall thoroughly explain the "Notice of Limitation of Services Provided" disclaimer below. Each self-represented litigant, after receiving an explanation of the disclaimer, shall sign an acknowledgment that the disclaimer has been explained to the self-represented litigant and that the self-represented litigant understands the limitation of the services provided. The self-help personnel shall sign the acknowledgment certifying compliance with this requirement. The original shall be filed by the self-help personnel in the court file and a copy shall be provided to the self-represented litigant.
NOTICE OF LIMITATION OF SERVICES PROVIDED
THE PERSONNEL IN THIS SELF-HELP PROGRAM ARE NOT ACTING AS YOUR LAWYER OR PROVIDING LEGAL ADVICE TO YOU.
SELF-HELP PERSONNEL ARE NOT ACTING ON BEHALF OF THE COURT OR ANY JUDGE. THE PRESIDING JUDGE IN YOUR CASE MAY REQUIRE AMENDMENT OF A FORM OR SUBSTITUTION OF A DIFFERENT FORM. THE JUDGE IS NOT REQUIRED TO GRANT THE RELIEF REQUESTED IN A FORM.
THE PERSONNEL IN THIS SELF-HELP PROGRAM CANNOT TELL YOU WHAT YOUR LEGAL RIGHTS OR REMEDIES ARE, REPRESENT YOU IN COURT, OR TELL YOU HOW TO TESTIFY IN COURT.
SELF-HELP SERVICES ARE AVAILABLE TO ALL PERSONS WHO ARE OR WILL BE PARTIES TO A FAMILY CASE.
THE INFORMATION THAT YOU GIVE TO AND RECEIVE FROM SELF-HELP PERSONNEL IS NOT CONFIDENTIAL AND MAY BE SUBJECT TO DISCLOSURE AT A LATER DATE. IF ANOTHER PERSON INVOLVED IN YOUR CASE SEEKS ASSISTANCE FROM THIS SELF-HELP PROGRAM, THAT PERSON WILL BE GIVEN THE SAME TYPE OF ASSISTANCE THAT YOU RECEIVE.
IN ALL CASES, IT IS BEST TO CONSULT WITH YOUR OWN ATTORNEY, ESPECIALLY IF YOUR CASE PRESENTS SIGNIFICANT ISSUES REGARDING CHILDREN, CHILD SUPPORT, ALIMONY, RETIREMENT OR PENSION BENEFITS, ASSETS, OR LIABILITIES.
____ I CAN READ ENGLISH.
____ I CANNOT READ ENGLISH.
THIS NOTICE WAS READ TO ME BY
{NAME} ________________ IN
{LANGUAGE}________.
 _______________________
 SIGNATURE
AVISO DE LIMITACION DE SERVICIOS OFRECIDOS
EL PERSONAL DE ESTE PROGRAMA DE AYUDA PROPIA NO ESTA ACTUANDO COMO SU ABOGADO NI LE ESTA DANDO CONSEJOS LEGALES. ESTE PERSONAL NO REPRESENTA NI LA CORTE NI NINGUN JUEZ. EL JUEZ ASIGNADO A SU CASO PUEDE REQUERIR UN CAMBIO DE ESTA FORMA O UNA FORMA DIFERENTE. EL JUEZ NO ESTA OBLIGADO A CONCEDER LA REPARACION QUE USTED PIDE EN ESTA FORMA.
EL PERSONAL DE ESTE PROGRAMA DE AYUDA PROPIA NO LE PUEDE DECIR CUALES SON SUS DERECHOS NI SOLUCIONES LEGALES, NO PUEDE REPRESENTARLO EN CORTE, NI DECIRLE COMO TESTIFICAR EN CORTE. *372 SERVICIOS DE AYUDA PROPIA ESTAN DISPONIBLES A TODAS LAS PERSONAS QUE SON O SERAN PARTES DE UN CASO FAMILIAR. LA INFORMACION QUE USTED DA Y RECIBE DE ESTE PERSONAL NO ES CONFIDENCIAL Y PUEDE SER DESCUBIERTA MAS ADELANTE. SI OTRA PERSONA ENVUELTA EN SU CASO PIDE AYUDA DE ESTE PROGRAMA, ELLOS RECIBIRAN EL MISMO TIPO DE ASISTENCIA QUE USTED RECIBE.
EN TODOS LOS CASOS, ES MEJOR CONSULTAR CON SU PROPIO ABOGADO, ESPECIALMENTE SI SU CASO TRATA DE TEMAS RESPECTO A NINOS, MANTENIMIENTO ECONOMICO DE NINOS, MANUTENCION MATRIMONIAL, RETIRO O BENEFICIOS DE PENSION, ACTIVOS U OBLIGACIONES.
____ YO PUEDO LEER ESPANOL.
____ YO NO PUEDO LEER ESPANOL.
ESTE AVISO FUE LEIDO A MI
POR {NOMBRE}
__________________ EN {IDIOMA}
_____________.
 ______________________
 FIRMA
If information is provided by telephone, the notice of limitation of services provided shall be heard by all callers prior to speaking to self-help staff.
(i) Exemption. Self-help personnel are not required to complete Florida Family Law Form 12.900, Disclosure From Nonlawyer, as required by rule 10-2.1, Rules Regulating The Florida Bar. The provisions in rule 10-2.1, Rules Regulating The Florida Bar, which require a nonlawyer to include the nonlawyer's name and identifying information on a form if the nonlawyer assisted in the completion of a form, are not applicable to self-help personnel unless the self-help personnel recorded the information on the form as authorized by this rule.
(j) Availability of Services. Self-help programs are available to all self-represented litigants in family law cases.
(k) Cost of Services. Self-help programs, as authorized by statute, may require self-represented litigants to pay the cost of services provided for by this rule, provided that the charge for persons who are indigent is substantially reduced or waived.
(l) Records. All records made or received in connection with the official business of a self-help program are judicial records and access to such records shall be governed by rule 2.051, Florida Rules of Judicial Administration.
(m) Domestic Violence Exclusion. Nothing in this rule shall restrict services provided by the clerk of the court or family or domestic/repeat violence intake personnel pursuant to rule 12.610.

Commentary
1998 Adoption. It should be emphasized that the personnel in the self-help programs should not be providing legal advice to self-represented litigants. Self-help personnel should not engage in any activities that constitute the practice of law or inadvertently create an attorney-client relationship. Self-help programs should consistently encourage self-represented litigants to seek legal advice from a licensed attorney. The provisions of this rule only apply to programs established by the chief judge.
Subdivision (b). This rule applies only to assistance offered in family law cases. The types of family law cases included in a family law division may vary based on local rule and it is anticipated that a local rule establishing a self-help program may also exclude types of family law cases from the self-help program. Programs may operate with lawyer personnel, nonlawyer personnel, or a combination thereof.
Subdivision (c)(2). The self-help program is encouraged to cooperate with the local bar to develop a workable system to provide this information. The program may maintain information about members of The Florida Bar who are willing to provide services to self-represented litigants. The program may not show preference for a particular service, program, or attorney.
*373 Subdivision (c)(3). In order to avoid the practice of law, the self-help personnel should not recommend a specific course of action.
Subdivision (c)(5). Self-help personnel should not suggest the specific information to be included in the blanks on the forms. Oral communications between the self-help personnel and the self-represented litigant should be focused on the type of information the form is designed to elicit.
Subdivision (c)(8). Self-help personnel should be familiar with the court rules and the most commonly used statutory provisions. Requests for information beyond these commonly used statutory provisions would require legal research, which is prohibited by subdivision (d)(8).
Subdivision (c)(9). Self-help personnel can have access to the court's docket and can provide information from the docket to the self-represented litigant.
Subdivision (f). Because an attorney-client relationship is not formed, the information provided by a self-represented litigant is not confidential or privileged.
Subdivision (g). Because an attorney-client relationship is not formed, there is no conflict in providing the limited services authorized under this rule to both parties.
Subdivision (h). It is intended that self-represented litigants who receive services from a self-help program understand that they are not receiving legal services. One purpose of the disclosure is to prevent an attorney-client relationship from being formed.
In addition to the signed disclosure, it is recommended that each program post the disclosure in a prominent place in the self-help program. The written disclosure should be available and posted in the languages that are in prevalent use in the county.
Subdivision (i). This provision is to clarify that nonlawyer personnel are not required to use Florida Family Law Form 12.900 because the information is included in the disclosure required by this rule. Self-help personnel are required to include their name and identifying information on any form on which they record information for a self-represented litigant.
NOTES
[1] The legislature has provided $200,000 for pilot programs on self-help centers and apparently has asked for detailed information about the exact services to be provided before providing additional funds.
[2] See, e.g., Florida Bar v. Brumbaugh, 355 So.2d 1186 (Fla.1978).